United States District Court
Southern District of Texas
**ENTERED**
August 29, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MITCHELL CURRY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-306 |
| | § | |
| M-I, LLC, | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

This is a collective action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Pending are the following motions: (1) Defendant's Motion to Compel and Motion to Prohibit Use of Evidence of Damages at Trial (D.E. 135); (2) Defendant's Motion For Reconsideration of the Magistrate Judge's Denial of Request for an Extension of Time (D.E. 136); (3) Defendant's Motion to Expedite Hearing on the Defendant's Motion for Reconsideration of the Magistrate Judge's Denial of Request for Extension of Time (D.E. 137); (4) Defendant's Motion Objecting to Magistrate Judge's Denial of Request for an Extension of Time (D.E. 138); and (5) Motion to Expedite Hearing on the Defendant's Motion Objecting to the Magistrate Judge's Denial of Request for Extension of Time. (D.E. 139).

For the reasons stated below, Defendant's Motion to Compel and Motion to Prohibit Use of Evidence of Damages at Trial is **DENIED**. (D.E. 135). Defendant's Motion for Expedited Ruling is **GRANTED** and the Motion for Reconsideration is

**DENIED**. (D.E. 136 and D.E. 137). With regard to the remaining two motions, Defendant seeks review of the undersigned's rulings. Therefore, these motions should be considered in the first instance by the District Judge. However, the undersigned **RECOMMENDS** Defendant's remaining Motion to Expedite be **GRANTED** and the Motion to Set Aside be **DENIED** for the reasons stated in this Order. (D.E. 138 and D.E. 139).

## I. JURISDICTION

The Court has federal question jurisdiction in this FLSA action pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 636, this case has been referred to the undersigned United States Magistrate Judge for determination of all procedural and discovery motions, case management, and all other matters authorized by law. (D.E. 70).

## II. BACKGROUND

Plaintiffs filed a related action to this case on March 16, 2017. On May 19, 2017, the parties filed their Joint Discovery and Case Management Plan (D.E. 11) in which they represented, among other things, "[n]o unusual limitation or accommodations will be necessary for the discovery process." (D.E. 11, ¶ 9). The parties further set forth their discovery plan and requested that the discovery deadline be set for February 28, 2018, noting that an extension may be necessary depending in the size and scope of the class. (D.E. 11).

United States District Judge Nelva Gonzales Ramos granted Plaintiffs' motion for conditional certification at a hearing on September 15, 2017. The parties appeared telephonically before Judge Ramos on October 12, 2017, for the first of many hearings on

the parties' discovery disputes. On October 25, 2017, Judge Ramos re-opened the briefing on the proposed scope of the class. (D.E. 34). On January 24, 2018, after additional briefing, Judge Ramos granted Plaintiff's motion for conditional certification. (D.E. 48).

On March 8, 2018, the parties appeared before Judge Ramos at a pre-motion conference at which Plaintiffs were granted leave to file an amended complaint due to issues with the scope of the class and because counsel for Plaintiff intended on filing a supplemental motion for conditional certification. On April 20, 2018, the parties appeared before the undersigned for a telephonic pre-motion hearing on a discovery dispute. The undersigned ordered the parties to continue discovery on issue related to conditional certification, assisted the parties in rescheduling the deposition of the Defendant's corporate representative, and set new deadlines for Plaintiffs' supplemental motion for conditional certification. (D.E. 63).

On May 24, 2018, the parties again appeared before the undersigned for a pre-motion conference regarding a discovery dispute at which the undersigned assisted the parties in setting depositions. (D.E. 67). On June 11, 2018, the parties appeared again for a pre-motion telephonic hearing regarding another discovery dispute. On June 19, 2018, the parties appeared the undersigned and announced they had reached an agreement on their discovery dispute. The parties were ordered to submit an order setting forth their agreement. After this hearing, Judge Ramos referred the case to the undersigned for case management. (D.E. 70).

On August 8, 2018, the undersigned signed the parties' Agreed Interim Scheduling Order which set forth a comprehensive plan for precertification discovery which included deadlines for interrogatories, document production, depositions, and a new briefing schedule for conditional certification. (D.E. 73). On September 19, 2018, the parties filed their Joint Stipulation and Proposed Order Regarding Conditional Certification. (D.E. 76). On September 24, 2018, the parties filed their Agreed Motion to Sever. (D.E. 79). On September 25, 2018, the undersigned granted the parties' motion to sever and Plaintiffs' claims against Defendant M-I, LLC were severed and opened in this case. (D.E. 80).

On October 9, 2018, a complaint was filed and the next day, the undersigned entered an order granting Plaintiffs' Unopposed Motion to Approve Notice Documents, which gave potential opt-in Plaintiffs sixty days from the date of the first mailing or emailing to return the consent form and become a plaintiff in this lawsuit. (D.E. 84). On January 7, 2019, the parties appeared before the undersigned for a status and scheduling conference and a pre-motion conference on additional discovery matters involving the production of documents and scheduling depositions. The parties announced they were working through their dispute and making progress. The undersigned also discussed deadlines and entering a scheduling order. (D.E. 98). The undersigned specifically noted the parties had been conducting discovery but felt it appropriate that the parties be given a full opportunity to conduct discovery. The parties agreed with the Court's proposed dates which included a discovery deadline of July 12, 2019 which granted the parties an

additional six months to complete the discovery process. A scheduling order was entered on January 8, 2019. (D.E. 98).

The undersigned held a pre-motion conference on February 26, 2019 regarding setting depositions and document production. The Court's rulings on those matters are set forth in a written order. (D.E. 103). The undersigned held another pre-motion conference on May 9, 2019, again involving a dispute about setting depositions and document production. The undersigned's ruling on those matters are set forth in a written order. (D.E. 109, D.E. 113 and D.E. 122). On May 31, 2019, the undersigned held another pre-motion conference at which the undersigned granted Plaintiffs' motion to compel and ordered representative discovery. (D.E. 122). Representative discovery was necessary to assist the parties in finishing the discovery process.

On July 3, 2019, Plaintiffs filed a Motion for Partial Summary Judgment. (D.E. 124). Less than a week later, on July 8, 2019, the parties jointly moved for an extension of the discovery and dispositive motions deadlines which the undersigned granted in part the same day. (D.E. 126 and D.E. 127). The parties requested the discovery deadline be extended from July 12, 2019 to August 22, 2019 and the dispositive motion deadline be extended from July 18, 2019 to September 16, 2019. (D.E. 126). The undersigned granted the motion in part by extending both the discovery deadline and dispositive motion deadline to August 22, 2019. (D.E. 127).

On July 19, 2019 a status conference was held at which the undersigned explained the extension of the dispositive motion deadline was granted, but not to the extent requested, because the undersigned and District Judge need sufficient time to consider

dispositive motions before the trial setting. (July 19, 2019 proceedings at 9:46:28). On July 29, 2019, the undersigned granted Defendant's Motion for Extension of Time to respond to Plaintiffs' Motion for Partial Summary Judgment, setting a new response deadline of August 22, 2019. (D.E. 131).

On August 21, 2019, the undersigned held a final pre-motion conference at which the undersigned denied the Defendant's request to further extend the discovery and dispositive motions deadlines. However, in light of the discovery and dispositive motions deadlines being the next day, the undersigned extended the dispositive motion deadline from August 22, 2019 to August 30, 2019 and also extended the Defendant's deadline to respond to Plaintiffs' Motion for Partial Summary Judgment until that same date. (D.E. 133). The undersigned also granted the parties leave to file a discovery motion. (D.E. 133).

The next day, on August 22, 2019, Defendant filed the following pending motions: (1) Defendant's Motion to Compel and Motion to Prohibit Use of Evidence of Damages at Trial (D.E. 135); (2) Defendant's Motion For Reconsideration of the Magistrate Judge's Denial of Request for an Extension of Time (D.E. 136); (3) Defendant's Motion to Expedite Hearing on the Defendant's Motion for Reconsideration of the Magistrate Judge's Denial of Request for Extension of Time (D.E. 137); (4) Defendant's Motion Objecting to Magistrate Judge's Denial of Request for an Extension of Time (D.E. 138); and (5) Motion to Expedite Hearing on the Defendant's Motion Objecting to the Magistrate Judge's Denial of Request for Extension of Time. (D.E. 139). On August 23, 2019, the undersigned ordered any response by Plaintiffs to the pending motions to be

filed on or before August 26, 2019. (D.E. 141). The undersigned also ordered the parties to complete a mediation on or before October 1, 2019. (D.E. 142). On August 26, 2019, Plaintiffs filed responses. (D.E. 143, D.E. 144 and D.E. 145). On August 27, 2019, Defendant sought leave to file a reply which was granted the next day and Defendant's replies were entered on the docket. (D.E. 149 and D.E. 150).

### III. ANALYSIS

Defendant moves the Court to reconsider its request for an additional thirty-day extension of the discovery and dispositive motion deadlines, asserting Plaintiffs have failed to fully respond to discovery requests, which it now seeks to compel. Defendants further allege that without an extension, they will be unable to file dispositive motions on FLSA exemptions, move for decertification or adequately prepare for trial because they were unable to secure the necessary discovery from Plaintiffs prior to the deadline.

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing clear abuse." *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). Further, pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party who requests a scheduling order deadline be modified "must show that, despite acting diligently, it will still be unable to meet that deadline." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F.Supp.2d 488, 492-93 (S.D. Tex. 2009) (citation omitted).

Having considered the relevant factors, Defendant has not demonstrated good cause for this Court to again extend the discovery and dispositive motion deadline. The Court has continuously assisted the parties in working through their discovery problems for several years. The docket reflects the parties' first discovery dispute occurred on October 12, 2017 in the related action when Judge Ramos conducted a hearing on a dispute involving the Defendant producing certain documents. The Court was last involved last week. The parties have been engaged in discovery, in one form or another, for over two years. Over ten hearings have been held by the Court during this time regarding the parties' discovery disputes. Further, discovery and dispositive motion deadline extensions have previously been granted.

In short, the parties have had sufficient time to complete discovery and to prepare dispositive motions. If Plaintiffs were not fully responding to discovery requests or were failing to adequately participate in scheduling depositions, as Defendant now alleges, Defendant knew about these issues well before the extended discovery and dispositive motion deadline, yet it did not seek the Court's assistance until one day before the August 22, 2019 deadline. Nonetheless, the undersigned again extended the dispositive motion deadline by an additional week, until August 30, 2019. (D.E. 131).

Further, even if a limited number of Plaintiffs have failed to fully respond, Defendant need not have waited to take other Plaintiffs' depositions. "Waiting until the eleventh hour to obtain discovery was Defendant['s] choice - it is the parties' responsibility to schedule discovery and depositions in order to have the materials they need in the timeframe needed to adequately prepare their case." *Ranzy v. Extra Cash of*

*Texas, Inc.*, No. H-09-3334, 2012 WL 1015923, at *5 (S.D. Tex. Mar. 22, 2012). Additionally, as to evidence of damages, Plaintiffs represent they sent Defendant "their complete damage model in excel format on May 17, 2019" and supplemented this damage model within the discovery period. (D.E. 141, Page 14 and D.E. 141-9). Lastly, if a Plaintiff has not responded to any discovery requests, nothing prevents Defendant from seeking that Plaintiff's dismissal within the current dispositive motion deadline.

## IV. CONCLUSION

Defendant's Motion to Compel and Motion to Prohibit Use of Evidence of Damages at Trial is **DENIED**. (D.E. 135). The discovery deadline has passed. However, Plaintiffs' obligation to supplement any discovery responses in accordance with the Federal Rules of Civil Procedure remains. Defendant's Motion for Expedited Ruling is **GRANTED** and the Motion for Reconsideration is **DENIED**. (D.E. 136 and D.E. 137). The undersigned further **RECOMMENDS** Defendant's remaining Motion to Expedite be **GRANTED** and the Motion to Set Aside be **DENIED** for the reasons stated in this Order. (D.E. 138 and D.E. 139).

ORDERED this 29th day of August, 2019.

Jason B. Libby
United States Magistrate Judge