UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MITCHELL CURRY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-306 |
| | § | |
| M-I, LLC, | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

On August 21, 2019, Magistrate Judge Libby held a pre-motion and status conference addressing the latest disputes that had arisen regarding the completion of discovery and Defendant's intention to seek an additional extension of the discovery and dispositive motions deadlines. The Magistrate Judge ruled on the record that he would not grant the deadline extensions that Defendant sought.

In response, Defendant filed three substantive motions: (1) a motion to compel (D.E. 135) addressed to the Magistrate Judge seeking to compel additional discovery after the deadline or to prohibit Plaintiffs from offering certain evidence; (2) a motion for reconsideration (D.E. 136) addressed to the Magistrate Judge regarding the August 21, 2019 ruling; and (3) an objection (D.E. 138) addressed to this Court, asking this Court to reverse the Magistrate Judge's ruling. On August 29, 2019, in a detailed opinion, the Magistrate Judge denied the motion to compel, denied reconsideration, and recommended that this Court deny the objection. D.E. 151.

Now before the Court are the following:

- "Defendant's Motion Objecting to the Magistrate Judge's Denial of Request for an Extension of Time" (the objection, D.E. 138);
    - Plaintiff's response (D.E. 145);
    - Defendant's Motion for Leave to File Reply (D.E. 152);
        - Plaintiff's response (D.E. 153);
- Defendant's Motion to Expedite the objection (D.E. 139);
- Defendant's Motion to Stay (D.E. 154) pending this Court's decision on the objection and any resulting appeal; and
- Defendant's Motion to Expedite (D.E. 155) consideration of the motion to stay.

The Court GRANTS the motions to expedite (D.E. 139, 155) and GRANTS the motion for leave to file a reply (D.E. 152). The Court DENIES the motion objecting to the Magistrate Judge's Order (D.E. 138) and the motion to stay (D.E. 154).

Congress has set a standard for the United States district courts that cases should be resolved within three years of filing. 28 U.S.C. § 476(a)(3). This case was originally filed on March 16, 2017. D.E. 1. After vigorous class certification proceedings, the Court entered a scheduling order on January 8, 2019, setting this action for trial on January 13, 2020. D.E. 98. The discovery deadline was initially July 12, 2019, and the dispositive motions deadline was July 18, 2019. Both of those deadlines were extended to August 22, 2019, in response to a joint motion. D.E. 126, 127. However, the Court signaled its concern for the timely resolution of

this case by refusing to extend the dispositive motion deadline to September 16, 2019, as requested in the motion.

The Court reviews Defendant's challenge to the Magistrate Judge's ruling using a standard of review that requires Defendant to show that any findings of fact are clearly erroneous and/or any conclusions of law are contrary to the law. Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). Because Defendant filed its objection before the Magistrate Judge entered his written opinion on Defendant's motion for reconsideration, its complaints repeat its position in seeking a discretionary extension of deadlines rather than identifying any specific error in the decision.

First, Defendant argues that it has not deposed all the Plaintiffs' witnesses that it seeks to depose and Plaintiffs did not sufficiently respond to written discovery two months ago. For there to be error on this basis, Defendant would at least have to show that it was denied necessary discovery through no fault of its own. As the Magistrate Judge's opinion sets out, however, Defendant did not act with sufficient diligence in timely seeking discovery or in bringing any complaint to the attention of the Court in time for the Court to grant effective relief within the deadlines provided.

Second, Defendant complains that the Magistrate Judge did not extend deadlines even though the parties agreed to at least a 30-day extension. As the Scheduling Order sets out, the dispositive motion deadline will not be extended

"except for good cause." D.E. 98, ¶ 7. The parties do not have the power to agree to extend this deadline and the Court need not consider such an agreement.

Third, Defendant complains that the Magistrate Judge did not consider good cause factors for extensions of the deadlines. As set out in his Order (D.E. 151), the Magistrate Judge considered all of Defendant's complaints regarding Plaintiffs' alleged recalcitrance in providing discovery and found them to be contrary to fact. He further found Defendant to have failed to act in a timely manner to obtain relief from the Court within the discovery deadline.

Fourth, Defendant complains that the Court's pre-motion conference procedure is improper. Nothing about that procedure prevented Defendant from acting in a timely manner and presenting its complaints in their entirety to the Court. The parties had notice of the procedure in the Scheduling Order (D.E. 98, ¶ 12) and they are responsible for acting in a timely manner.

Fifth, Defendants complain that Plaintiffs are seeking millions of dollars in unpaid back wages. The gravity of the claims does not change the requirements for timely developing a case for trial. This is not an issue that presents any error for correction.

Sixth, Defendant argues that it will be prejudiced under these circumstances. The concern for the Court is whether Defendant will be unduly prejudiced by matters outside of its control. The Court does not find that to be the case here.

The Court must control its heavy docket. The parties had adequate notice of deadlines and had every opportunity to timely bring any complaint affecting their

ability to meet those deadlines to the Court's attention. Defendant has not demonstrated any error in the Magistrate Judge's decision.

For these reasons, the Court DENIES the motion (D.E. 138) objecting to the Magistrate Judge's denial of its combined motion to compel and motion for sanctions against Plaintiffs. The Court further DENIES the motion for stay pending appeal (D.E. 154).

ORDERED this 4th day of September, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE