Case 2:18-cv-00306 Document 200 Filed on 01/03/20 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MITCHELL CURRY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-306 |
| | § | |
| M-I, LLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

This case, filed on March 16, 2017, concerns whether Plaintiffs were improperly denied overtime compensation under the Fair Labor Standards Act ("FLSA").[1] Pending is Plaintiffs' Motion for Partial Summary Judgment. (D.E. 124 and D.E. 125). For the reasons stated below, the undersigned recommends this Motion be **GRANTED in part and DENIED in part**.

**I. JURISDICTION**

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 70).

---

[1] This case was initially conditionally certified on January 24, 2018. (D.E. 48). However, the parties later jointly requested a change to the class definition and, asserting there were two defendants, a motion to sever. (D.E. 77 and D.E. 79). These motions were granted on September 25, 2018 and October 10, 2018 and this case was severed and filed with M-I, LLC as the defendant. (D.E. 80 and D.E. 84).

## II. BACKGROUND

Defendant is an oilfield service company providing engineering drilling fluid systems and additives to oil exploration and production companies. Using at least two third-party staffing entities, Defendant utilized certain workers classifying them as independent contractors rather than employees. Plaintiffs allege Defendant improperly classified these workers as independent contractors, paying them a day rate with no overtime compensation in violation of the FLSA because they regularly worked in excess of 40 hours per week. Plaintiffs brought this action on behalf of themselves and all other similarly situated employees as a class certified in October 2018.

Notice and consent forms were mailed to potential class members and the class currently consists of approximately 21 workers, including one Solids Control Operator ("SCO") and 20 Drilling Fluids Specialists ("DFS"). Plaintiffs filed a Motion for Partial Summary Judgment on July 3, 2019, challenging certain affirmative defenses. (D.E. 124). Defendant has filed a Response (D.E. 165 and D.E. 166), Plaintiffs filed a Reply (D.E. 168), and Defendant filed a Sur-Reply. (D.E. 172).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law." *Id*. at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id*. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992)(refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987)(stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the

nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

## IV.   ANALYSIS

Plaintiffs seek summary judgment as to the following affirmative defenses: (1) Good Faith Defense; (2) Highly Compensated Employee, Executive, Professional and Administrative Exemption Defenses; (3) Outside Sales Exemption; (4) MCA Exemption; (5) Combination Exemption; (6) Offset, Setoff or Credit; (7) Failure to Mitigate Damages and Comparative Fault Defenses; (8) Estoppel, Misrepresentation and Unclean Hands Defenses; (9) Waiver, Ratification, Acquiescence and Consent; (10) Unjust Enrichment and (11) Justification.

### A.   Affirmative Defenses (1) through (5); (7) (9), (10) and (11)

Defendant concedes it will not pursue the following defenses: (3), (4), (7) or (11). (D.E. 165, Pages 17-18). Additionally, as to (1) Good Faith Defense; (2) Highly

Compensated Employee, Executive, Professional and Administrative Exemption Defenses; (5) Combination Exemption; (9) Waiver, Ratification, Acquiescence and Consent and (10) Unjust Enrichment, the undersigned has previously entered a Memorandum and Recommendation reviewing multiple dispositive motions filed by the Defendant. (D.E. 199). In the M & R, the undersigned reviewed similar arguments made by the parties in the pending motion, specifically whether Defendant acted in good faith by relying upon third party staffing agencies, whether a day rate is sufficient to qualify for salary requirements of certain defenses, and whether certain Plaintiffs were barred from participating in this action because of a settlement reached in a related case. As detailed in the M & R, the undersigned recommended there was a question of material fact as good faith/willfulness, a day rate could be sufficient under recent Fifth Circuit precedent, and the settlement reached in a related case covered the same time period at issue and again recommends so here for the same reasons. As such, the undersigned recommends Plaintiffs' Motion be **GRANTED** as to (3), (4), (7) and (11) and **DENIED** as to (1), (2), (5), (9) and (10). Therefore, the undersigned focuses on the remaining two challenged defenses: (6) Offset, Setoff and Credit and (8) Estoppel, Misrepresentation and Unclean Hands Defenses.

    **B.**    **Affirmative Defenses (6) and (8)**

Defendant has failed to come forward with any evidence showing there is a genuine issue of material fact as to these affirmative defenses. As to (6) Offset, Setoff and Credit, while Defendant states it has identified a Plaintiff in the companion case, which has a different Defendant, as someone who it alleges received payment for days

when he provided no services, Defendant did not identify any such Plaintiff in this case. Further, while Defendant states "representative discovery may reveal others," the discovery deadline has long since expired and Defendant has not sought to supplement its response or sur-reply with any additional evidence. Defendant has access to its own pay, schedule and other relevant records and therefore, the evidence needed to support this affirmative defense is within its control. Additionally, as to (8) Estoppel, Misrepresentation and Unclean Hands Defenses, Defendant simply states that these are available remedies under the FLSA without providing any evidence that they should be applicable in this case. Therefore, the undersigned recommends Plaintiffs' Motion be **GRANTED** as to (6) and (8).

V.  **CONCLUSION**

For the reasons stated above, the undersigned recommends this Motion be **GRANTED in part and DENIED in part**. (D.E. 124). The undersigned recommends Plaintiffs' Motion be **GRANTED** as to (3), (4), (6), (7), (8) and (11) and **DENIED** as to (1), (2), (5), (9) and (10).

**The parties are instructed that their objections to this M & R shall be filed in one document limited to 10 pages in length. Parties who do not comply with this instruction shall have their objections struck.**

ORDERED this 3rd day of January, 2020.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).