UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MITCHELL CURRY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-306 |
| | § | |
| M-I, LLC, | § | |
| | § | |
| Defendant. | § | |

### ORDER ADOPTING IN PART AND REJECTING IN PART
### MEMORANDUM AND RECOMMENDATION (D.E. 200)

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (D.E. 124), challenging Defendant's defenses. On January 3, 2020, Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R, D.E. 200), which numbers the defenses and recommends the disposition of each. Plaintiffs timely filed their objections (D.E. 207), challenging only the disposition of the good faith defense. Defendant did not object to the M&R.

### DISPOSITIONS WITHOUT OBJECTION

The Court ADOPTS IN PART the M&R and GRANTS IN PART the motion for partial summary judgment as to the following numbered defenses which Defendant conceded it would not pursue:

      (3)    Outside Sales Exemption;

      (4)    MCA Exemption;

      (7)    Failure to Mitigate Damages and Comparative Fault; and

      (11)   Justification.

The Court ADOPTS IN PART the M&R and DENIES IN PART the motion for partial summary judgment as to the following numbered defenses because there are disputed issues of material fact relevant to each:

    (2)    Highly Compensated Employee, Executive, Professional and Administrative Exemptions;

    (5)    Combination Exemption;

    (9)    Waiver, Ratification, Acquiescence and Consent; and

    (10)    Unjust Enrichment.

The Court ADOPTS IN PART the M&R and GRANTS IN PART the motion for partial summary judgment as to the following numbered defenses because Defendant failed to submit sufficient evidence to raise a disputed issue of material fact as to each:

    (6)    Offset, Setoff, and Credit; and

    (8)    Estoppel, Misrepresentation, and Unclean Hands.

## DISPOSITION OF OBJECTION

Only one affirmative defense remains for the Court to consider: (1) Good Faith. The M&R recommends denial of the motion for partial summary judgment on that defense because there is sufficient evidence to support a conclusion that Defendant acted in good faith. Plaintiffs object, arguing that the Magistrate Judge applied the wrong standard by drawing a false equivalency between a fact issue on willfulness and a fact issue on good faith. The Court agrees.

Whether the Defendant acted in good faith is a question directed to the Court's discretion and requires Defendant to show that any action that violated the FLSA was

done in good faith and on reasonable grounds for believing that it was not a violation. *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 357 (5th Cir. 1990). In claiming the good faith affirmative defense, Defendant assumes the burden to prove satisfaction of a duty to investigate potential FLSA liability. Ignorance does not suffice, as it cannot be based on a reasonable belief. *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016) (citing *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979)).

To support its good faith defense, Defendant offers evidence that it delegated classification and payment decisions to staffing companies in a contract that required the staffing companies to make those decisions in accordance with the FLSA. D.E. 165. However, FLSA payroll compliance is nondelegable. Any violations of the party fulfilling the payroll function is attributable to the employer. *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 943 (8th Cir. 2008). The attempted delegation of the duty to comply with the FLSA does not show the employer's good faith, but is rather evidence of indifference to FLSA liability and abdication of the duty to investigate.

Neither does Defendant demonstrate good faith by evidence that employees endorsed their classification or payment scheme. FLSA protections are designed to protect worker rights against such employer pressure or attempts to voluntarily limit liability. According to the Supreme Court, "[W]e have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (collecting cases). This prohibition on waivers applies to all FLSA rights, including the question of the worker's

classification as employee or independent contractor. *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1315 (5th Cir. 1976).

Defendant suggests that its contractual relationships with staffing companies are matters routinely accepted as evidence of good faith. To the contrary, the cases it cites in support of that proposition accept such evidence on the issue of willfulness, not good faith. In *Villegas*, the court's opinion clearly applies the willfulness standard that is contrary to the standard for good faith. As noted above, a determination of good faith requires employer investigation and reasonable reliance. But in *Villegas*, the court wrote, "An employer is not acting ***willfully*** even if he fails to seek legal advice on his payment method or acted unreasonably in violating FLSA." *Villegas v. Dependable Const. Servs., Inc.*, No. 4:07-CV-2165, 2008 WL 5137321, at *26 (S.D. Tex. Dec. 8, 2008) (emphasis added). There was no consideration of the good faith affirmative defense in *Villegas*. The same is true in *Prusin v. Canton's Pearls, LLC*, No. CV JKB-16-00605, 2017 WL 4347867, at *2 (D. Md. Sept. 29, 2017) ("[E]ven where 'an employer acts *unreasonably*, but not recklessly, in determining its legal obligation' a violation is not willful.").

Willfulness and good faith are not two sides of the same coin. While both cannot be present in the same scenario, they both may be absent. *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990) (citing *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1262-63 (5th Cir. 1986)). Thus the existence of a fact question on willfulness does not indicate a fact question on good faith. *See generally, Lipnicki v. Meritage Homes Corp.*, No. 3:10-CV-605, 2014 WL 923524, at *12 (S.D. Tex. Feb. 13, 2014).

Indeed, the evidence on which the M&R relies to raise a disputed issue of fact on willfulness is evidence that negates good will rather than supports it.

Defendant asserted that any decision on its good faith defense would be premature until it is found to have engaged in a specific violation of the FLSA. D.E. 165, p. 8. But its authorities do not compel that decision here. In *Lipnicki*, the court decided, as a discretionary matter, to wait to see if the jury first makes an FLSA liability finding so as not to waste time on an issue it may not need to reach. 2014 WL 923524 at * 12. In *Gallegos v. Equity Title Company of America, Inc.*, 484 F. Supp. 2d 589, 599 (W.D. Tex. 2007), the specific evidence offered on good faith involved disputed fact questions regarding the treatment of specific FLSA-related communications, making summary judgment inappropriate.

Here, efficiency counsels in favor of narrowing issues for trial. And the good faith defense that has been claimed does not require further development or adjudication of disputed facts. Despite the conclusion of discovery and the proximity of trial, Defendant has not suggested that its good faith is related to having investigated any particular classification or payment decision or reasonable reliance on any particular source material. Instead, the defense asserted is a global one based on a delegation of hiring and payment decisions that is ineffective to insulate Defendant from FLSA liability. Under these circumstances, delay until trial serves no purpose.

The Court SUSTAINS Plaintiffs' objection that the Magistrate Judge applied the wrong standard in assessing the motion as to the good faith defense. The Court therefore substitutes its own disposition of the issue of whether Plaintiffs are entitled to a partial

summary judgment eliminating the good faith defense. After reviewing the evidence and arguments, the Court HOLDS that Defendant has not satisfied its burden to produce evidence that it complied with its duty to investigate or had reasonable grounds for its treatment of Plaintiffs' compensation. The motion for partial summary judgment (D.E. 124) is GRANTED in part and the good faith defense is DENIED.

ORDERED this 30th day of January, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE