UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MITCHELL CURRY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-306 |
| | § | |
| M-I, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING IN PART AND REJECTING IN PART
## MEMORANDUM AND RECOMMENDATION (D.E. 199)

Pending before the Court are a motion to dismiss and four motions for summary judgment. D.E. 157, 158, 159, 161, 164. On December 31, 2019, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (D.E. 199), recommending that the motion to dismiss and three of the motions for summary judgment be granted and that the fourth motion for summary judgment be denied. Both Plaintiffs and Defendant timely filed objections. D.E. 205, 206. Each motion will be addressed separately, according to the nature of any objections.

### A. Defendant's Motion to Dismiss (D.E. 157)

The motion to dismiss was directed at Plaintiffs Jonathan Linder and Jacob Smith. The M&R recommends granting the motion because both Plaintiffs have filed notices withdrawing their consent as opt-in Plaintiffs. Neither set of objections complains of this recommendation. It is adopted. The motion to dismiss (D.E. 157) is GRANTED.

**B. Defendant's Motion for Summary Judgment as to Plaintiffs Boles, Brunson, Garcia, Gillikin, and Joiner (D.E. 158)**

The first motion for summary judgment was not opposed by Plaintiffs Robert Boles, Clyde Brunson, and Juan Andy Garcia. Plaintiff Robert Joiner was represented to have never opted in to this case. And the Magistrate Judge found that Plaintiff Andrew Gillikin had not submitted sufficient evidence to demonstrate that Defendant was his employer. Therefore, the M&R recommends granting the motion. Neither set of objections complains about this recommendation. It is adopted. The motion for summary judgment (D.E. 158) is GRANTED.

**C. Defendant's Motion for Summary Judgment as to Plaintiffs Doherty, Linder, and Wojciechowicz (D.E. 164)**

The second motion for summary judgment was directed against Plaintiffs Adam Doherty and Michael Grant Wojciechowicz on the basis that they previously settled their alleged claims. While it also sought dismissal of the claims of Johnathan Linder, his claims are already dismissed under the motion to dismiss addressed above. The M&R recommends granting the summary judgment motion and dismissing the claims of Doherty and Wojciechowicz. Neither set of objections complains of this recommendation. It is adopted. The motion for summary judgment (D.E. 164) is GRANTED.

**D. Defendant's Motion for Summary Judgment as to Plaintiff Adels (D.E. 159)**

The third motion for summary judgment was directed against Plaintiff Craig Adels. The M&R recommends granting the motion, finding that Adels is not entitled to

FLSA relief because he was an independent contractor or, alternatively, because he was exempt. Plaintiffs object to both conclusions.

### 1. Employee Status

Throughout his complaints regarding the decision whether he is an employee or independent contractor, Adels objects to the M&R's application of the summary judgment standard of review. More specifically, he contends that the record evidence raises genuine issues of material fact regarding Adels' classification as an employee that prevent granting the motion. The combination of questions of fact and law that contribute to the conclusion of whether a worker is an employee or independent contractor under the FLSA requires careful navigation.

The Fifth Circuit opinions in *Parrish v. Premier Directional Drilling, LP*, 917 F.3d 369 (5th Cir. 2019) and *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1044 (5th Cir. 1987) outline the nature of the issues. There are three types of findings involved. *Parrish,* 917 F.3d at 378 (quoting and citing *Brock*, 814 F.2d at 1044). First are historical findings of fact regarding the nature of the work relevant to the decision. Second are findings on the *Silk*[1] factors, which involve inferences from the historical facts and are characterized as fact questions. *Brock*, 814 F.2d at 1044. Third is the ultimate finding as to employee status, a legal conclusion drawn from weighing the factual conclusions on the *Silk* factors.

Clearly, any question of historical fact in the first category is for the jury. Adels' objections do not challenge any historical facts. And the ultimate conclusion in the third

---

[1] *United States v. Silk*, 331 U.S. 704 (1947). The five *Silk* factors will be discussed, individually, below.

category is one of law for the Court, which is reviewed de novo. *Id*. at 1045. The challenge lies in the second category: determining to what extent the Court may decide the *Silk* factors in a summary judgment proceeding when the undisputed historical facts can raise inferences both in favor and against a finding that the claimant is an employee. *Parrish* answered that question by stating that, even where facts point in both directions, summary judgment is appropriate where the Court "cannot discern any fact that is both genuinely disputed and could change the outcome of this proceeding." 917 F.3d at 380.

With that standard of review in mind, the Court reviews the Magistrate Judge's treatment of each of the *Silk* factors and the legal conclusion they compel. Each factor is addressed to the economic realities between the parties and is considered in the context of determining whether the worker was economically dependent on the alleged employer or was in business for himself. *Id*. at 379. In that regard, "it is not what the [workers] **could** have done that counts, but as a matter of economic reality what they actually **do** that is dispositive." *Brock*, 814 F.2d at 1047 (emphasis in original).

**Factor One: Degree of Employer's Control**

Adels objects to the M&R's treatment of employer control issues, specifically to inferences made from facts regarding three alleged disputes:

- Adels did not actually turn down any job between October 2017 and June 2019 and, if he had, his contract likely would have been terminated.

- Adels was not in charge of his own schedule, but was scheduled by Defendant just as other employees were.

- Adels did not work independently, but like employees occupying the same position, he was closely supervised by Defendant pursuant to specific instructions, even though the supervisors were off-site.

Having reviewed the evidence on which the inferences were made and are disputed, the Court agrees that reasonable jurors could determine that Adels' more recent tenure with Defendant indicates a greater economic dependence on Defendant than was evident in his earlier tenure, resulting in an acquiescence in Defendant's control over his freedom to seek other work, control over his schedule, and control of the terms on which he submitted his work.

Given that there is sufficient evidence that Adels was no longer in business for himself and permitted himself to be treated as an employee and, thereby, earned a more predictable living, the Court finds that there are disputed issues of material fact regarding the element of control that impacts the weighing of the *Silk* factors and the ultimate legal conclusion of whether Adels was an employee.

**Factor Two:  Relative Investments of Worker and Employer**

Defendant did not offer evidence on the relative investment factor, conceding that it supports employee status.  The M&R accepts the factor as pointing toward employee status, but relies exclusively on the *Parrish* opinion to give the factor little weight based on the obvious realities of the oil and gas industry.  Adels argues that the disparity of investment applicable to the work Adels performed does not justify assigning reduced weight to this factor.

Unlike the work in *Parrish*, the work of a drilling fluids operator involves reasonably priced lab equipment and a laptop computer, neither of which have characteristics requiring it to be employer-supplied. So the fact that Defendant did, in fact, supply these things to Adels makes it a factor of greater significance in evaluating the economic realities than the investment comparison in *Parrish*. While the Court does not necessarily see this factor as a dominant one, its weight is not insignificant and thus may impact the ultimate decision of whether the *Silk* factors, together, indicate that Adels is an employee.

**Factor Three:  Worker's Opportunity for Profit Determined by Employer**

The Magistrate Judge determined that the opportunity for profit factor favored independent contractor status, in part, because Adels could decline work. As discussed above, that freedom may have been illusory. In practice, there is some evidence that Adels did not decline work offered by Defendant in recent years because, if he had, he risked losing the work Defendant would otherwise provide. The Fifth Circuit has cautioned the courts to look to what the parties did, not what they could have done. *Brock*, 814 F.2d at 1047. Adels claims that he actually worked the same schedule and remained on call, just as Defendant's acknowledged employees did.

The M&R also relies on Adels' ability to control his own costs, citing his payment for his vehicle, cellular phone, and insurance. Yet Defendant reimbursed him for mileage. And it mandated the insurance coverage. The evidence does not supply a contrast between Adels' expenses and those of Defendant's employees because it does not show whether Defendant paid for its employees' vehicles or mileage, phones, and

6 / 16

insurance. As a result, reasonable jurors could infer and find that Adels' profit was determined exclusively by Defendant—the amount of time Defendant scheduled him and the rate of pay offered. Thus this factor could weigh in favor of employee status in the *Silk* analysis.

**Factor Four: The Skill and Initiative Required for the Job**

According to the M&R, the fact that Adels is a highly skilled individual working with "little to no supervision" requires that this factor be deemed to support independent contractor status under *Parrish*. However, since *Parrish*, the Fifth Circuit has emphasized moderation of this view. In *Hobbs v. Petroplex Pipe & Construction, Inc.*, No. 19-50350, ___ F.3d ___, 2020 WL 113990, *6 (5th Cir. January 10, 2020), the Court cited *Parrish* as supporting consideration of the extent of the worker's discretion and "whether he must take initiative to find consistent work."

Adels has pointed out that he conducts testing and submits his results and recommendations to others who make actual decisions. He is to operate within the parameters of the mud program Defendant has promulgated, and his recommendations can be rejected by supervisory employees. Thus, his discretion is limited. And his relationship with Defendant did not require him to exercise initiative to find work once he was on the job. *See Hobbs* at *6. There is some evidence to raise a reasonable inference that Adels is dependent on Defendant to continue employing him. The evidence does not show that Adels actively sought work elsewhere during his current tenure on the job or depended on outside ventures for his livelihood.

As stated in his objections, Adels had the same skills as the employees and did not further market himself as having qualities more desirable than those of similar employees. Thus, a jury could find that this factor favored employee status in the *Silk* analysis.

**Factor Five: The Permanency of the Relationship**

The Magistrate Judge observed that Adels worked exclusively for Defendant during the relevant time period—a stint often considered long enough to counsel in favor of finding an employment relationship under case law. However, the M&R found that this factor, as a matter of law, favored independent contractor status for three reasons. First, permanency in the oil and gas industry is illusory because of its cyclical nature. Second, skills that are in high demand are indicative of greater economic independence. Third, the work was assigned on a project-by-project basis.

Consistent with Adels' objection, this Court rejects the proposition that the cyclical nature of the industry necessarily counsels in favor of treating Adels as an independent contractor. Nothing about the industry cycle precludes Defendant from hiring employees to do the work that Adels did, and it is undisputed that Defendant did hire such employees. The length of time Adels worked for Defendant renders the cyclical nature of the industry less determinative.

And while he was sufficiently skilled to be in demand, the M&R does not recite any evidence that Adels was fending off offers of work elsewhere or even sought such offers. As noted, it is not what could have been that controls the analysis. Neither does anything identified in the record require the inference that the project-by-project

assignment of work made Adels an independent contractor. The continuous nature of the assignments can just as easily be construed as indicating an employment relationship. In other words, no evidence is cited to suggest that Defendant's employees had a different method of assignment than one that was project-based.

There is sufficient evidence that a juror could infer that Defendant hired Adels on a relatively permanent basis, which would support the finding of an employment relationship under the *Silk* analysis.

**The *Silk* Analysis**

The M&R concludes that the evidence on four of the five *Silk* factors is sufficiently convincing in favor of independent contractor status to obviate a jury trial. And while the remaining factor clearly indicated employee status, it was sufficiently weak as to be ineffective in making a difference to the ultimate finding. The Court disagrees. There is sufficient evidence on each of the four disputed factors to merit a jury's determination of the inferences to be made. And only when that is done can the Court properly weigh the factors in the ultimate determination of the legal question of whether Adels was an employee or independent contractor. The Court SUSTAINS Adel's objections to the M&R's recommendation on the four disputed factors and the relative weight of the remaining factor and the Court rejects that analysis and substitutes its own. The Court DENIES IN PART the motion for summary judgment (D.E. 159) with respect to the finding of independent contractor status.

## 2. Exemptions

Defendant's motion claims that, even if deemed an employee, Adels is not entitled to relief under the FLSA because he is subject to the exemptions for either highly compensated or administrative employees. The M&R did not address the administrative exemption and Defendant has not objected to that omission. It has thus waived further consideration of its summary judgment motion on that basis and the Court DENIES IN PART the motion for summary judgment (D.E. 159) with respect to its claim that Adels is subject to the administrative exemption.

However, the Magistrate Judge found that the evidence supports the highly compensated employee exemption. The M&R notes that the exemption requires a high level of pay along with a finding that the primary duties involve office or non-manual work. The M&R demonstrates that Adels' pay was at or above the level required to be considered "highly compensated." And it concludes that Adels' work in collecting mud, testing it, generating reports, and making recommendations on the test results amounts to non-manual work.

While Adels indicates that he objects to these conclusions, he does so by attempting to incorporate by reference his previous briefing. This does not state a proper objection for two reasons. First, by referring to materials written before the issuance of the M&R, it fails to identify any specific error in the M&R's analysis, which is required under 28 U.S.C. § 636(b)(1). Second, the incorporation of any additional briefing would cause Adels' objections to exceed the page limit allowed, without any request for leave.

The Court does not accept this bypass of the orderly procedure for adjudicating cases on an M&R. The first two purported objections are therefore OVERRULED.

Adels does specify and brief a third objection to the M&R. He argues that the highly compensated employee exemption has a third requirement that the Magistrate Judge did not address: the employee "customarily and regularly performs any one or more of the exempt duties or responsibilities of an . . . administrative[2] . . . employee." 29 C.F.R. § 541.601(a)(1). The definition of an administrative employee includes three features. 29 C.F.R. § 541.200(a). The first two are the compensation and primary duty issues that the Magistrate Judge addressed and the Court accepts as effectively unchallenged.

The third part of the definition requires that the employee be one "Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." *Id.*, § 541.200(a)(3). The M&R does not address this requirement directly when considering the exemption. And while there are separate references in the M&R to Adels' discretion and independence, there is no discussion regarding whether that discretion and independent judgment is exercised "with respect to matters of significance."

As previously discussed, there is evidence that Adels was supervised in such a manner that his recommendations bore little weight and were merely a component of more significant matters entrusted to his supervisors. In the context of a summary judgment motion, we construe the evidence in favor of the non-movant and therefore

---

[2] Defendant does not contend that Adels is an executive or professional employee.

cannot say that, as a matter of law, Adels satisfied the definition of an administrative employee.

Consequently, the Court SUSTAINS the third objection and DENIES IN PART the motion for summary judgment (D.E. 159) to the extent that it seeks judgment that Adels is subject to an FLSA exemption.

**E. Defendant's Motion for Partial Summary Judgment on Willfulness and Limitations (D.E. 161)**

It is undisputed that the general statute of limitations for FLSA actions is two years and that, if Plaintiffs demonstrate that Defendant acted willfully in violation of the FLSA, the statute of limitations expands to three years. The fourth motion for summary judgment asserts that Defendant cannot be found to have acted willfully if it did not comply with the FLSA because it reasonably relied on Geometric Results, Inc. (GRI) to exercise its expertise on FLSA matters when supplying Defendant with workers. Defendant contractually bound GRI to appropriately classify workers and ensure that they were appropriately paid, and GRI sought to ensure that the workers agreed that they were being properly classified and paid. The Magistrate Judge recommends the denial of the motion, finding that there is a disputed issue of material fact on the issue of willfulness because Defendant previously had to litigate "closely related overtime issues" prior to the time frame involved here and thus knew of its risk of violations.

Defendant first objects to the recommendation because it fails to address its subsidiary argument seeking dismissal of the claims of Plaintiff Kelley Harris because Harris failed to submit any evidence of dates of employment within the maximum three-

year statute of limitations. Plaintiffs did not respond to this argument. D.E. 174. The Court SUSTAINS the first objection. The motion (D.E. 161) is GRANTED IN PART and the claim of Kelley Harris is DISMISSED for failure to submit evidence of any claim within the three year limitations period.

Second, Defendant objects that the claims of Plaintiff Jack Warner were not dismissed because, while he did submit evidence of his claim, the evidence shows that the last date of work was more than three years prior to consent to suit. D.E. 161-1, p. 13. Plaintiffs did not respond to this argument. D.E. 174. The Court SUSTAINS the second objection. The motion (D.E. 161) is GRANTED IN PART and the claim of Jack Warner is DISMISSED as barred by the three-year statute of limitations.

Third, Defendant objects that Plaintiffs' evidence is insufficient to raise a disputed issue of material fact regarding willfulness. More specifically, it suggests that evidence of prior litigation is insufficient unless that prior litigation was on all fours with this case and resulted in an adverse judgment and that result is admissible. But that is not the test for willfulness. As Defendant's own objection notes, willfulness includes reckless disregard. D.E. 205, pp. 5-6 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

While not detailed in the M&R, Plaintiffs' response to the motion included multiple citations to evidence from which a jury could infer that Defendant was on notice of the risk of violating the FLSA in its classification and payment of oilfield workers such as Plaintiffs and ignored the issue or intentionally sought to convey the false impression that it had successfully delegated its nondelegable duty. *See Chao v.*

*Barbeque Ventures, LLC*, 547 F.3d 938, 943 (8th Cir. 2008) (FLSA compliance is nondelegable).

Because the Court must draw all inferences in favor of the nonmovant on summary judgment, the Court OVERRULES the third objection because evidence of prior settled litigation is not the only evidence of record that Defendant knew of its FLSA risks and willfully or recklessly failed to adequately address them or acted intentionally to try to continue violating the FLSA while evading liability.

Fourth, Defendant objects to the Magistrate Judge's failure to recommend dismissal of the claims of Mitchell Curry because the only evidence on which Plaintiffs rely for willfulness goes to the classification and payment of DFSs, whereas Curry is a Solids Control Operator. This specific argument was not raised in the motion (D.E. 161). Plaintiffs therefore have not had an opportunity to address it with additional evidence, if any. Because it is a new argument raised only after the M&R was issued, the Court OVERRULES the fourth objection.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as the parties' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court:

- **ADOPTS** the findings and conclusions of the Magistrate Judge and **GRANTS** the motion to dismiss which regards the claims of Plaintiffs Linder and Smith (D.E. 157);

- **ADOPTS** the findings and conclusions of the Magistrate Judge and **GRANTS** the motion for summary judgment which regards the claims of Plaintiffs Boles, Brunson, Garcia, Gillikin, and Joiner (D.E. 158);

- **ADOPTS** the findings and conclusions of the Magistrate Judge and **GRANTS** the motion for summary judgment which regards the claims of Plaintiffs Doherty and Wojciechowicz (D.E. 164);

- **DENIES** the motion for summary judgment which regards the claims of Plaintiff Adels (D.E. 159) in its entirety, as follows:

  o **DENIES** the motion with respect to the administrative exemption as waived;

  o **SUSTAINS** Plaintiffs' objections, **REJECTS** the findings and conclusions of the Magistrate Judge, and **DENIES** the motion with respect to Adels' status as an independent contractor;

  o **OVERRULES** Plaintiff's first two objections and **SUSTAINS** the third objection, **REJECTS** the findings and conclusions of the Magistrate Judge, and **DENIES** the motion with respect to Adels' status as exempt as a highly compensated employee.

- **GRANTS IN PART** and **DENIES IN PART** the motion for summary judgment on willfulness and limitations (D.E. 161) as follows:

o **SUSTAINS** Defendant's objections and **GRANTS IN PART** Defendant's motion for summary judgment (D.E. 161), **DISMISSING** the claims of Kelley Harris and Jack Warner;

o **OVERRULES** Defendant's objections, **ADOPTS** the Magistrate Judge's findings and conclusions, and **DENIES IN PART** the motion for summary judgment (D.E. 161) with respect to Defendant's challenge to evidence of willful conduct; and

o **OVERRULES** Defendant's objections and **DENIES** the request to dismiss the claim of Mitchell Curry as untimely.

ORDERED this 30th day of January, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE